ROTHENBERG, Judge.
The defendant, Annier Lorenzo (“Lorenzo”), entered nolo contendere pleas on six felony cases, expressly reserving his right to appeal the denial of his motions to suppress statements he made to law enforcement. We affirm.
The instant convictions result from an armed robbery of a Tom Thumb convenience store committed on September 5, 2004, an armed robbery of another Tom *1013 Thumb convenience store on September 6, 2004, and four separate burglaries of various business establishments. The events that led to Lorenzo’s arrest began when Officer Carballo, who knew Lorenzo’s family, stopped by Lorenzo’s mother’s home to inquire about a van she had for sale. Lorenzo’s mother told Officer Carballo that she was concerned that her son was involved in some robberies and was placing himself in danger. Thereafter, Officer Carballo, accompanied by other officers, went to Lorenzo’s brother’s apartment to speak with Lorenzo. After making contact with Lorenzo, it is undisputed that he agreed to speak to them about the September 5th robbery and to accompany them to the police station where he provided them with further information regarding this robbery. It is also undisputed that at no time during Lorenzo’s discussions with the police, which took place at his brother’s apartment and at the police station on September 13, 2004, was he advised of his rights per Miranda.[1]
Initially, Lorenzo told the police that he was at the Tom Thumb store that evening using the restroom but that he had no knowledge of or involvement in a robbery. After several minutes, however, he asked to speak to Officer Carballo alone. What he told Officer Carballo was that he knew who had committed the robbery. He explained that his friend, Alex Cruz, borrowed his car and had committed the robbery and that Alex had a Russian-made handgun. When asked if he would be willing to accompany them to the station and to give them a more detailed account of the events, Lorenzo willingly agreed, stating that he wanted to “do the right thing.”
Lorenzo was interviewed at the station in an interview room with the door open. He was additionally told that he was not in custody and that he could leave at any time. Lorenzo responded by saying that he understood that he was not in custody and that he wanted to talk to them. These statements and Lorenzo’s acknowledgement that he was aware that he was not under arrest and that he was free to leave were recorded, as were his statements. During this interview, he explained that he went into the Tom Thumb to use the restroom while Alex waited in the car. When he returned to the car, Alex asked him about the clerk. Lorenzo told Alex that the clerk was a female and that she was behind the counter. Alex went into the store. Moments later Alex ran back to the car, threw his gun and some money into the car and told Lorenzo to “go, get out of here!” Based upon these statements and other information provided by Lorenzo, Alex was arrested and charged as a principal to the robbery.
The following day, law enforcement returned to speak with Lorenzo. Before speaking with him, they advised him of his rights per Miranda. After waiving his rights, Lorenzo admitted to committing a second armed robbery and four burglaries, for which he was subsequently charged.
The issues presented in this appeal are: (1) whether Lorenzo’s statements given on September 13, 2004, without the benefit of his Miranda warnings, were the product of custodial interrogation requiring suppression, and (2) whether the statements given on September 14, 2004, after being advised of his rights, and regarding various unrelated crimes, are the fruits of the prior unwarned statement, thus requiring suppression. We answer both questions in the negative, and conclude that the trial court did not err in denying Lorenzo’s motions to suppress his statements.
*1014 A trial court’s ruling on a motion to suppress comes before this court with a presumption of correctness. The evidence and all reasonable inferences and deductions derived therefrom, must be interpreted in a manner most favorable to sustaining the trial court’s ruling. San Martin v. State, 717 So.2d 462, 469 (Fla.1998). Miranda warnings are only required for custodial interrogations. California v. Beheler, 463 U.S. 1121, 1124, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983). A person is in custody if a reasonable person placed in the same situation would feel that his freedom of action was curtailed to a degree associated with an actual arrest. Ramirez v. State, 739 So.2d 568, 573 (Fla.1999). In the absence of any indicia of coercion or intimidating circumstances, police questioning about criminal conduct or activity alone does not convert an otherwise consensual encounter into a custodial interrogation. Ramsey v. State, 731 So.2d 79, 81 (Fla. 3d DCA 1999).
In the instant case, Lorenzo was repeatedly told that he did not have to speak to law enforcement and that he was free to leave. The tapes of the conversations between Lorenzo and the police demonstrate that he was aware that he was not in custody, was free to leave, did not have to talk to the police, was willing to accompany them to the station, and voluntarily spoke with them on September 15, 2004. Thus, we conclude that the statements Lorenzo made that evening were not the product of custodial interrogation and that the motions to suppress these statements and the subsequent Mirandized statements the following day, were properly denied.
Affirmed.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).